

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2009

# Barbee v. SEPTA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Barbee v. SEPTA" (2009). *2009 Decisions.* Paper 1599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1682

_____

ANTHONY BARBEE
Appellant

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY ("SEPTA"); COMPSERVICES, INC.

_____

Appeal from the Order of the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04063)
District Judge: Honorable Robert F. Kelly

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 9, 2009

_____

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges

(Filed: April 2, 2009)

_____

OPINION

_____

FUENTES, Circuit Judge:

Anthony Barbee appeals from the District Court's grant of summary judgment in

favor of the Southeastern Pennsylvania Transportation Authority ("SEPTA") on his

claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"). In addition, Barbee appeals the District Court's decision to admit evidence of Barbee's prior lawsuits during the jury trial for his claim of race discrimination against SEPTA. Finally, Barbee appeals the District Court's grant of SEPTA's motion for sanctions after Barbee repeatedly failed to comply with his discovery obligations. For the reasons stated below, we will affirm.[1]

I.    Facts and Procedural History

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.

Barbee began driving buses for SEPTA in March 1997. The terms and conditions of his employment with SEPTA were governed by a collective bargaining agreement ("CBA"). Barbee alleges that he suffered injuries as a result of a bus accident that occurred in June 2002, and beginning in July 2002, he took sick leave for injuries arising from the accident. In December 2002, Barbee's supervisor informed him that, pursuant to the CBA, Barbee would exhaust his sick leave as of January 17, 2003. In December 2002, Barbee informed SEPTA that his personal physician had imposed several physical restrictions on him, including one that prevented him from engaging in "commercial driving" because such activity would aggravate his cervical condition. As a result,

---

[1]    The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

SEPTA placed Barbee on the "medically disqualified" list because he could not drive a bus. Conversely, Barbee alleges that the decision to place him on the medically disqualified list was motivated solely by age discrimination. Specifically, Barbee testified that SEPTA's physician stated to him, "You're fifty years old now and you are disqualified." While Barbee was on the medically disqualified list, SEPTA posted no jobs that he could perform given his physical restrictions. Therefore, SEPTA terminated Barbee's employment.

Barbee filed a complaint with the EEOC, claiming age, disability, and racial discrimination. Barbee received a "right to sue" letter, and filed a complaint in the Eastern District of Pennsylvania. During discovery, Barbee failed to meet court-imposed deadlines for document production, interrogatories responses, and his own deposition, which resulted in sanctions against Barbee for SEPTA's attorney's fees totaling $5,040. After cross-motions for summary judgment and motions for reconsideration, the only claim that survived for trial was Barbee's claim of racial discrimination. Barbee moved to exclude all evidence of his prior lawsuits, but the District Court permitted the evidence for impeachment purposes. After a two-day trial, a jury found that SEPTA was not liable.

II.    ADEA[2]

In general, the ADEA makes it unlawful for an employer to discriminate against an

---

[2] We exercise plenary review over a district court's summary judgment ruling. Twp. of Piscataway v. Duke Energy, 488 F.3d 203, 208 (3d Cir. 2007).

3

employee based on his or her age. 29 U.S.C. § 623(a). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that he or she (1) was over the age of 40; (2) was qualified for the position; (3) suffered an adverse employment decision; and (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 300-01 (3d Cir. 2004) (internal citation omitted).

Under this framework, it is clear that Barbee could not establish a prima facie case of age discrimination because he was no longer qualified for his job. In December 2002, Barbee presented SEPTA with a letter from his personal physician which restricted him from engaging in commercial driving. This restriction effectively precluded Barbee from performing his duties as a bus driver. Therefore, the District Court did not err by granting summary judgment on Barbee's ADEA claim.[3]

III.    Evidence of Prior Litigation[4]

Barbee also appeals the District Court's decision to permit SEPTA to introduce evidence of Barbee's involvement in prior lawsuits. Barbee argues that this evidence

---

[3]The District Court assumed that Barbee had established a prima facie case under the ADEA, and engaged in a burden-shifting analysis. The District Court found that Barbee could not negate SEPTA's evidence of a legitimate, non-discriminatory reason for placing him on the medically disqualified list. Barbee v. Se. Pennsylvania Transp. Auth., No. 04-4063, 2006 WL 2077012, at *2-*5 (E.D. Pa. July 24, 2006). As noted above, we would not have reached the burden-shifting analysis, but affirm nonetheless.

[4]We review the District Court's evidentiary ruling under an abuse of discretion standard. Affiliated Mfrs., Inc. v. Aluminum Co. Of Am., 56 F.3d 521, 525 (3d Cir. 1995).

violated Federal Rule of Evidence 404(b) because it is propensity evidence, permitting the jury to infer that Barbee is "litigious." This argument is meritless. The evidence of prior lawsuits was not introduced as character evidence. Rather, SEPTA introduced evidence of Barbee's involvement in at least 24 prior civil suits for impeachment purposes because Barbee was evasive about prior lawsuits in his deposition (e.g., Barbee testified that he could not recall if he had been deposed in the past). Therefore, we will affirm the District Court's decision to admit this evidence.

IV.   Sanctions

Lastly, Barbee argues that the District Court abused its discretion when it issued sanctions against Barbee's counsel for violating the court's orders regarding discovery, pursuant to Federal Rule of Civil Procedure 37(b). Specifically, Barbee argues that the District Court failed to make findings of fact before ordering Barbee to pay SEPTA's attorney's fees associated with attempting to compel Barbee to comply with his discovery obligations.

The decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007) (internal citation omitted). We will reverse a district court's imposition of sanctions only if the court "base[d] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. (internal citation omitted).

5

Here, it is clear that the District Court acted well within its discretion to impose discovery sanctions on Barbee. The District Court docket alone is sufficient to demonstrate the flagrant manner with which Barbee repeatedly violated the District Court's discovery orders and deadlines. The District Court issued no fewer than three orders to compel Barbee's appearance at a deposition between August 30, 2005 and October 21, 2005. These orders were in addition to the District Court's initial order, dated May 10, 2005, that set the discovery deadline as September 12, 2005. The District Court ordered SEPTA's counsel to submit an affidavit detailing fees incurred as a result of Barbee's failure to respond to discovery requests. Defense counsel complied. As a result, we cannot conclude that the District Court abused its discretion, and we will affirm.

V.     Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for SEPTA on Barbee's ADEA claim. We will also affirm the District Court's decision to allow evidence of Barbee's prior litigation as impeachment evidence. Finally, we will affirm the District Court's imposition of sanctions against Barbee for his repeated violation of the court's discovery orders pursuant to Federal Rule of Civil Procedure 37(b).